*By the Court:
In support of their demurrer to the declaration, the defendants take two exceptions:
First. That there is no averment that Raridon, the administrator, de bonis non, had obtained a judgment against Riley, the removed admistrator, for the money alleged to remain in his hands.
Second. That there is no averment of the notice to Riley of theappoinment of Raridon to supersede him.
The averment of a settlement, by the court, with Riley, before his removal, and that the sum claimed was, by that settlement, ascertained to be in his hands, is sufficient to sustain the action.. The court so decided, when the action was for the use of the heir. Treasurer of Pickaway Co. v. Hall, 2 Ohio, 225. If there had been no settlement by Riley, with the court, an action by Raridon, against Riley would have been necessary. To compel the removed administrator to give special bail to his successor, and so far secure a recovery for the injury done to the assets in his hands, by carelessness or otherwise, was, most probably, the reason for enacting section 14 of the act. defining the duties of executors and administrators. 22 Ohio L. 128. Without this provision, the adminis *184 trator de bonis non could have sustained an action against the removed administrator. ¡
There is no force in the second objection. The removal of one administrator, and the appointment of another to succeed him, is a judicial proceeding of such notoriety that all parties connected with the transaction are bound to take notice of it. The averment supposed necessary is not found in any precedents of declaration, by the administrator de bonis non, against the removed administrator. Upon principle, we see no necessity for it.
The defendants having asked leave to withdraw the demurrer, and plead, in case the opinion of the court was against them, that leave was accordingly given.